UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL A CLIME,

      Plaintiff,

v.                                    Case No:   2:15-cv-443-FtM-29CM

GEICO, NISSAN MOTOR
ACCEPTANCE CORPORATION,
CHAYAN BROTHERS &
SALVAGE AUT LLC, NISSAN,
GEICO INSURED RECOVERY
COMPANY, BROOCK BALWING,
JULIA LAMPAZONE, NINA
URIBE, JAICOT RAMOS, SONIA
CRUZ, JIMENEZ ELVING,
EDWING SEPULVEDA, RAMON
LOPES, RAQUEL VAQUEZ,
OMAYRA BERBERENA, LUIS
TINEO, ELSA CRUZ
RODRIGUEZ, LEADRO
RODRIGUEZ, ADULO CRECO,
FNU ROBERTO, OMAR DALTRY,
URIBE NASARIO and
SATURNINO PEREZ,

      Defendants.

_____

## ORDER

Before the Court are Plaintiff's Affidavit of Indigency, construed as a Motion

for Leave to Proceed *in forma pauperis* (Doc. 2), filed on July 23, 2015 and Plaintiff's

Motion for Miscellaneous Relief (Doc. 4), filed on July 27, 2015.   Plaintiff requests

leave to proceed *in forma pauperis* in this case without the prepayment of the filing

fees and costs pursuant to 28 U.S.C. § 1915.   Doc. 2.   For the reasons stated herein,

Plaintiff's motion for leave to proceed *in forma pauperis* is denied without prejudice.

Plaintiff will be afforded an opportunity to file an amended complaint in accordance with this Order. Plaintiff's Motion for Miscellaneous relief also is denied without prejudice.

## I.    Indigency

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).   When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court .... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).   A person need not be "absolutely destitute" or reduce herself to a public charge in order to proceed in *forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents."   *Id.*

Here, Plaintiff completed an affidavit stating that he is on welfare and has no income.   Doc. 2 at 1-3.   He stated that the home he owns is vandalized and provided no estimated value of the home.   Doc. 2 at 3.   He also listed as an asset a 2005 Jaguar.   *Id.*   He provided no value for this car and stated that it also is vandalized. *Id.*   Although it appears that Plaintiff meets the qualifications of indigency pursuant to 28 U.S.C. § 1915(a), Plaintiff's affidavit has not been notarized. *Id.* at 5. Accordingly, the Court will deny Plaintiff's motion without prejudice to resubmit a signed and notarized affidavit of indigency.

## II.   Sufficiency of the Complaint

Once an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of the plaintiff's claims.   The Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.   *See* 28 U.S.C. § 1915(e)(2).

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight," *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990), and "[a]ctions may be frivolous in their factual allegations or in their legal theories." *Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) (order adopting report and recommendation).   "Factual allegations are frivolous when they are clearly baseless, fantastic, or delusional."   *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.   *See Neitzke*, 490 U.S. at 327.

Here, Plaintiff brings claims against GEICO, Nissan Motor Acceptance Corporation, Chayan Brothers & Salvage Aut LLC, Nissan, Geico Insured Recovery Company, Broock Balwing, Julia Lampazone, Nina Uribe, Jaicot Ramos, Sonia Cruz, Jimenez Elving, Edwing Sepulveda, Ramon Lopes, Raquel Vazquez, Omayra

Berberena, Luis Tineo, Elsa Cruz Rodriguez, Leadro Rodriguez, Adulo Creco, FNU Roberto, Omar Daltry, Uribe Nasario, and Saturnino Perez. Doc. 1. It is difficult to discern what Plaintiff is alleging against each Defendant.

First, Plaintiff's Complaint (Doc. 1) fails to comply with Federal Rules of Civil Procedure 8 and 10. Rule 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a complaint is subject to dismissal under Rule 8(a) when it is "unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for defendants to know what [Plaintiff] is claiming, against whom, and on what grounds." *Peavey v. Black*, 476 Fed. App'x. 697, 699 (11th Cir. 2012) (holding that the district court did not abuse its discretion when it dismissed the plaintiff's second amended complaint for failure to comply with Rule 8(a)).

Federal Rule 10 requires that:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b). While the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010), a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

In this case, Plaintiff's Complaint fails to meet the above standard. Plaintiff's complaint is completely unintelligible. Factually, it is impossible to discern what Plaintiff is actually claiming that each Defendant did to cause him injury.

Second, Plaintiff's Complaint does not clearly establish that Plaintiff is the aggrieved party in this case and thus has standing to bring suit. Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Intl. USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "'concrete and particularized'" and not "'conjectural or hypothetical,'" (2) the injury be "fairly traceable" to the defendant's conduct, and (3) a favorable decision would redress the plaintiff's injury. *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

As currently pled, Plaintiff's Complaint does not specifically state what he is claiming, demonstrating to the Court that Plaintiff has a concrete, particularized

injury traceable to the Defendants' conduct such that Plaintiff would have standing to bring suit.

Finally, it is impossible for the Court to determine whether Plaintiff's complaint states a claim.  When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff.  *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.* (quotations and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Here, it is unclear what Plaintiff is alleging. Even construing Plaintiff's rambling claims in a liberal fashion, as currently stated, the Court cannot decipher whether Plaintiff's complaint states a claim.  Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is denied without prejudice.

Plaintiff also filed a Motion for Miscellaneous Relief.  Doc. 4.  This motion is also unintelligible and impossible for the Court to discern the relief Plaintiff requests. Accordingly, Plaintiff's Motion for Miscellaneous relief is denied without prejudice.

While the Court strongly urges Plaintiff to retain counsel, in the event he is unable to do so, before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."  Plaintiff is informed that if he chooses to proceed *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules.  *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures).  Failure to comply with the Court's Orders or the Federal or Local Rules could result in the Court recommending that his case be dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), is **DENIED without prejudice**.

2.      On or before **November 5, 2015**, Plaintiff either may file a signed and notarized Affidavit of Indigency or pay the required filing fee.  By that same date, Plaintiff may file an amended complaint in accordance with this Order.  **Failure to comply with this Order will result in the Court recommending that this matter be dismissed.**

3.      Plaintiff's Motion for Miscellaneous Relief (Doc. 4) is **DENIED without**

**prejudice**.

DONE and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2015.


CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record