UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL A CLIME,

   Plaintiff,

v.            Case No:  2:15-cv-443-FtM-29CM

GEICO, NISSAN MOTOR
ACCEPTANCE CORPORATION,
CHAYAN BROTHERS &
SALVAGE AUT LLC, NISSAN,
GEICO INSURED RECOVERY
COMPANY, BROOCK BALWING,
JULIA LAMPAZONE, NINA
URIBE, JAICOT RAMOS, SONIA
CRUZ, JIMENEZ ELVING,
EDWING SEPULVEDA, RAMON
LOPES, RAQUEL VAQUEZ,
OMAYRA BERBERENA, LUIS
TINEO, ELSA CRUZ
RODRIGUEZ, LEADRO
RODRIGUEZ, ADULO CRECO,
FNU ROBERTO, OMAR DALTRY,
URIBE NASARIO and
SATURNINO PEREZ,

   Defendants.

_____

## REPORT AND RECOMMENDATION[1]

   This matter comes before the Court upon review of the file.  On October 6,

2015 the undersigned denied without prejudice Plaintiff's Affidavit of Indigency,

construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and allowed

_____

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Plaintiff up to and including November 5, 2015 to file either an amended complaint or pay the required filing fee.   While Plaintiff has filed numerous motions,[2] he has failed to comply with the Court's Order to file an amended complaint.   The Court attempted to discern what Plaintiff is attempting to ask for and it is nearly impossible.   The Court was able to make out certain words and phrases and it appears in one motion that Plaintiff is alleging that he purchased a vehicle that did not have good title and he is currently seeking to the clear the title.   *See* Doc. 8 at 2. Another motion appears to request repayment for social security benefits that were allegedly stolen from him.   *See* Doc. 9 at 2.    Plaintiff also appears to request that the Court clear his criminal record.   *See* Doc. 20 at 1.   It is entirely unclear to the Court the relief Plaintiff seeks by filing this lawsuit.   Accordingly, the undersigned recommends that the case be dismissed.

Plaintiff filed his original complaint on July 23, 2015.   Doc. 1.   Upon review of Plaintiff's application for leave to proceed *in forma pauperis*, the Court also reviewed the sufficiency of the complaint as required by 28 U.S.C. § 1915(e)(2).   The Court was obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.   *See* 28 U.S.C. § 1915(e)(2).   Here, the Court found the complaint to be deficient and

---

[2] Plaintiff has filed 18 motions with the Court that are virtually impossible to discern. *See* Docs. 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25.

provided Plaintiff the opportunity to file an amended complaint in compliance with the Court's Order.   (Doc. 14)   To date, Plaintiff has failed to file an amended complaint.

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight," *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990), and "[a]ctions may be frivolous in their factual allegations or in their legal theories." *Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) (order adopting report and recommendation).   "Factual allegations are frivolous when they are clearly baseless, fantastic, or delusional." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.   *See Neitzke*, 490 U.S. at 327.

Here, Plaintiff brings claims against GEICO, Nissan Motor Acceptance Corporation, Chayan Brothers & Salvage Aut LLC, Nissan, Geico Insured Recovery Company, Broock Balwing, Julia Lampazone, Nina Uribe, Jaicot Ramos, Sonia Cruz, Jimenez Elving, Edwing Sepulveda, Ramon Lopes, Raquel Vazquez, Omayra Berberena, Luis Tineo, Elsa Cruz Rodriguez, Leadro Rodriguez, Adulo Creco, FNU Roberto, Omar Daltry, Uribe Nasario, and Saturnino Perez.   Doc. 1.   It is difficult to discern what Plaintiff is alleging against each Defendant.

First, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10.   Rule 8(a) requires that a pleading set forth a claim of relief and

contain a "short and plain statement" in which the pleader is entitled to relief.   Fed. R. Civ. P. 8(a).   This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Moreover, a complaint is subject to dismissal under Rule 8(a) when it is "unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for defendants to know what [Plaintiff] is claiming, against whom, and on what grounds."   *Peavey v. Black*, 476 Fed. App'x. 697, 699 (11th Cir. 2012) (holding that the district court did not abuse its discretion when it dismissed the plaintiff's second amended complaint for failure to comply with Rule 8(a)).

Federal Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.   A later pleading may refer by number to a paragraph in an earlier pleading.   If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).   While the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010), a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.   *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

In this case, Plaintiff's complaint fails to meet the above standard. Plaintiff's complaint is completely unintelligible. Factually, it is impossible to discern what Plaintiff is actually claiming that each Defendant did to cause him injury.

Second, Plaintiff's complaint does not clearly establish that Plaintiff is the aggrieved party in this case and thus has standing to bring suit. Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Intl. USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "'concrete and particularized'" and not "'conjectural or hypothetical,'" (2) the injury be "fairly traceable" to the defendant's conduct, and (3) a favorable decision would redress the plaintiff's injury. *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As currently pled, Plaintiff's complaint does not specifically state what he is claiming, demonstrating to the Court that Plaintiff has a concrete, particularized injury traceable to the Defendants' conduct such that Plaintiff would have standing to bring suit.

Finally, it is impossible for the Court to determine whether Plaintiff's complaint states a claim. When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most

favorable to the plaintiff.   *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Id.* (quotations and citation omitted).   Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."   *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).   Here, it is unclear what Plaintiff is alleging. Even construing Plaintiff's rambling claims in a liberal fashion, as currently stated, the Court cannot decipher whether Plaintiff's complaint states a claim.

The Eleventh Circuit has stated, "[u]nder Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders."   *Birdette v. Saxon Mortg*, 502 Fed. Appx. 839, 840 (11th Cir. 2012)(citation omitted).   A paintiff should at least be provided one opportunity to amend before the court dismisses a case with prejudice.   *Id.*   When there has been repeated failure to cure deficiencies in previously allowed amendments, however, the court need not allow additional amendments.   *Id.*   Due to Plaintiff's repeated failure to cure the deficiencies, Plaintiff's complaint should be dismissed.

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 30th day of November, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record